IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION

JEFFREY R. BOONE                                          PLAINTIFF

vs.                      Civil No. 3:9-cv-03073

MICHAEL J. ASTRUE                                  DEFENDANT
Commissioner, Social Security Administration

**MEMORANDUM OPINION**

Jeffrey R. Boone ("Plaintiff") brings this action pursuant to § 205(g) of Title II of the Social Security Act ("The Act"), 42 U.S.C. § 405(g) (2006), seeking judicial review of a final decision of the Commissioner of the Social Security Administration ("SSA") denying his applications for a period of disability, Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI") under Titles II and XVI of the Act.  The parties have consented to the jurisdiction of a magistrate judge to conduct any and all proceedings in this case, including conducting the trial, ordering the entry of a final judgment, and conducting all post-judgment proceedings.  ECF No. 5.[1] Pursuant to this authority, the Court issues this memorandum opinion and orders the entry of a final judgment in this matter.

**1. Background:**

Plaintiff filed his applications for DIB and SSI on July 12, 2005.  (Tr. 11).  Plaintiff alleged he was disabled due to seizure disorder, head trauma, and alcohol and drug abuse.  (Tr. 184). Plaintiff alleged an onset date of August 1, 2002.  (Tr. 185).  These applications were initially denied on August 25, 2005 and were denied again on reconsideration on May 21, 2006.  (Tr. 38-44).

---

[1] The docket numbers for this case are referenced by the designation "ECF No."  The transcript pages for this case are referenced by the designation "Tr."

1

On April 26, 2006, Plaintiff requested an administrative hearing on his applications. (Tr. 28). This hearing was held on June 21, 2007 in Harrison, Arkansas. (Tr. 705-749). Plaintiff was present and was represented by counsel, Frederick Spencer, at this hearing. *See id.* Plaintiff, his wife Susan Boone, and Vocational Expert ("VE") Tanya Owen testified at this hearing. *See id*. On the date of this hearing, Plaintiff was forty-eight (48) years old, which is defined as a "younger person" under 20 C.F.R. § 404.1563(c) (2009), and had completed the eight grade. (Tr. 709).

On October 5, 2007, the ALJ entered an unfavorable decision denying Plaintiff's applications for DIB and SSI. (Tr. 11-22). In this decision, the ALJ determined Plaintiff had not engaged in Substantial Gainful Activity ("SGA") since August 1, 2002. (Tr. 14, Finding 2). The ALJ determined Plaintiff had the severe impairments of depressive disorder, substance addiction disorder, and alcohol induced psychotic disorder with hallucinations, and that Plaintiff's mental impairment and substance abuse disorder met Listings 12.04 and 12.09 contained in the Listing of Impairments. 20 C.F.R. Pt. 404, Subpt. P, Appendix 1. (Tr. 14, Findings 3, 4). The ALJ also determined, however, that if Plaintiff stopped the substance abuse he would not have an impairment or a combination of impairments that met or medically equaled one of the listed impairments in the Listing of Impairments in Appendix 1 to Subpart P of Regulations No. 4 ("Listings"). (Tr. 15, Finding 6).

In this decision, the ALJ evaluated Plaintiff's subjective complaints and determined his RFC. (Tr. 16-20). First, the ALJ evaluated Plaintiff's subjective complaints pursuant to the requirements of 20 C.F.R. § 404.1529 and 20 C.F.R. § 416.929 and found his claimed limitations were not totally credible. (Tr. 19). Second, the ALJ determined, based upon this review of Plaintiff's subjective complaints, the hearing testimony, and the evidence in the record, that if Plaintiff would stop his

substance abuse, he would retain the RFC to perform a range of medium work activities with restrictions against driving, climbing scaffolds, ladders, ropes, or working around dangerous machinery, and unprotected heights. (Tr. 15-16). In addition, the ALJ found that if Plaintiff would stop his substance abuse, he could perform non-complex, repetitive, routine work with superficial contact incidental to work with the public and co-workers. The ALJ further found Plaintiff could perform non-complex simple job instructions that were learned by rote with few variables, requiring little judgment, and supervision that is concrete, direct, and specific. (Tr. 15-16).

The ALJ then evaluated Plaintiff's Past Relevant Work ("PRW") and his ability to perform that work and other work in the national economy. (Tr. 20-21). Plaintiff and the VE testified at the administrative hearing regarding these issues. (Tr. 709-715, 744-748). Based upon this testimony, the ALJ determined, considering his RFC, Plaintiff would be unable to perform any of his PRW. (Tr. 20, Finding 8).

The ALJ also determined, however, that if Plaintiff stopped substance abuse, he retained the ability to perform other work existing in significant numbers in the national economy. (Tr. 21, Finding 12). Specifically, the VE testified Plaintiff would be able to perform work as a janitor/industrial cleaner with approximately 11,000 such jobs in Arkansas and 1,000,000 such jobs in the nation, work as hand packager with approximately 600 such jobs in Arkansas and 106,000 such jobs in the nation, and work as food prep worker with approximately 900 such jobs in Arkansas and 120,000 such jobs in the nation. (Tr. 21). Thereafter, the ALJ determined Plaintiff had not been under a disability, as defined by the Act, at any time from the alleged onset date through the date of the decision. (Tr. 22, Finding 13).

On October 19, 2007, Plaintiff requested the Appeals Council review the ALJ's unfavorable

decision. (Tr. 6-7). *See* 20 C.F.R. § 404.968. On October 13, 2009, the Appeals Council declined to review the ALJ's unfavorable decision. (Tr. 3-5). On November 6, 2009, Plaintiff filed the present appeal. ECF No. 1. The parties consented to the jurisdiction of this Court on February 3, 2009. ECF No. 5. Both parties have filed appeal briefs. ECF Nos. 8,9. This case is now ready for decision.

**2. Applicable Law:**

In reviewing this case, this Court is required to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *See* 42 U.S.C. § 405(g) (2006); *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome or because the Court would have decided the case differently. *See Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001). If, after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *See Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one year and that prevents him or her from engaging in any substantial gainful activity. *See Cox v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998); 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act defines

a "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382(3)(c). A plaintiff must show that his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months. *See* 42 U.S.C. § 423(d)(1)(A).

To determine whether the adult claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation. He determines: (1) whether the claimant is presently engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the Residual Functional Capacity (RFC) to perform his or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can perform. *See Cox,* 160 F.3d at 1206; 20 C.F.R. §§ 404.1520(a)-(f). The fact finder only considers the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this analysis is reached. *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

**3. Discussion:**

Plaintiff brings the present appeal claiming: (1) the ALJ erred in finding Plaintiff's substance abuse was a contributing factor material to his disability, (2) substantial evidence does not support the ALJ's decision, and (3) the ALJ erred in her treatment of the opinions of Dr. Vann Smith. In response, Defendant argues the ALJ did not err in any of his findings.

5

**A. Plaintiff's Substance Use**

Prior to Step 4 of the sequential analysis, the ALJ is required to determine the claimant's RFC.  *See* 20 C.F.R. § 404.1520(a)(4)(iv).  This RFC determination must be based on medical evidence that addresses the claimant's ability to function in the workplace. *See Stormo v. Barnhart,* 377 F.3d 801, 807 (8th Cir. 2004).  The ALJ should also consider "'all the evidence in the record' in determining the RFC, including 'the medical records, observations of treating physicians and others, and an individual's own description of his limitations.'" *Stormo v. Barnhart,* 377 F.3d 801, 807 (8th Cir. 2004) (*quoting Krogmeier v. Barnhart,* 294 F.3d 1019 (8th Cir. 2002)).  The Plaintiff has the burden of producing documents to support his or her claimed RFC.  *See Cox*, 160 F.3d at 1206;  42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).

Once the Plaintiff meets that burden, the ALJ bears the primary responsibility for making the RFC determination and for ensuring that there is "some medical evidence" regarding the claimant's "ability to function in the workplace" that supports its RFC determination.  *Lauer v. Apfel,* 245 F.3d 700, 703-04 (8th Cir. 2001).  The ALJ clearly also has the duty to develop the record, fully and fairly, even where a claimant is represented by counsel.  *See Snead v. Barnhart,* 360 F.3d 834, 838 (8th  Cir. 2004).  The ALJ is responsible for developing the record because the social security hearings are non-adversarial.  *Id.* Furthermore, this Court is required to affirm the ALJ's RFC determination if that determination is supported by substantial evidence on the record as a whole. *See McKinney v. Apfel,* 228 F.3d 860, 862 (8th Cir. 2000).

Plaintiff has had a history of alcoholism and drug abuse with numerous records making reference to Plaintiff's abuse of alcohol and drugs. (Tr. 233, 301, 311, 336, 419, 433, 456, 460, 472, 474, 476, 478, 496, 548, 556, 569, 579, 587, 590, 600, 605, 608, 615).  Plaintiff counsel has acknowledged Plaintiff's history of drug and alcohol abuse is the issue in this matter.  ECF. 8, Pg.

6

2.

On March 18, 1999, Plaintiff was seen at the Kino Community Hospital and attempts were made to place him in an alcohol rehabilitation program. (Tr. 272). During his hospitalization, doctors described Plaintiff as oriented, lucid and coherent with no delusions or hallucinations following detox. (Tr. 279). Plaintiff's depression was controlled and he appeared to be calm and relaxed after treatment. (Tr. 279). Plaintiff was stable on discharge and was referred to the Southern Arizona Mental Health Center for alcohol rehabilitation. (Tr. 301).

On November 22, 2002, Stephen R. Harris, Ph.D. performed a consultative mental status examination on Plaintiff. (Tr. 431-436). Dr. Harris indicated Plaintiff arrived slightly disheveled, with soiled clothes and a scraggly beard smelling of alcohol. (Tr. 431). Plaintiff informed Dr. Harris he did not seek treatment for mental health reasons and took no medications. (Tr. 432). Plaintiff admitted to drinking alcohol occasionally. (Tr. 433). Dr. Harris indicated Plaintiff appeared relaxed and fairly cooperative with a spontaneous stream of mental activity but at times he became vague. (Tr. 433). Plaintiff stated he was interested in hunting, fishing, and woodworking. (Tr. 433).

According to Dr. Harris, Plaintiff's intelligence was in the borderline range. (Tr. 435). Dr. Harris found Plaintiff exhibited some difficulty with immediate memory and intermediate problems, but there were no particular organic symptoms. (Tr. 435). Dr. Harris concluded Plaintiff's prognosis, given continuing alcohol abuse, was poor. (Tr. 435). Plaintiff's diagnoses included alcohol dependence, alcohol abuse, depressive disorder, NOS, rule out conversion disorder with seizures, borderline personality disorder, paranoid personality disorder, and borderline intellectual functioning. (Tr. 435).

On December 10, 2002, Dr. Kathryn Gale prepared a Mental RFC Assessment. (Tr. 437-439). Dr. Gale concluded Plaintiff retained the mental RFC to perform sustained work activity.

Specifically, Dr. Gale found Plaintiff retained the mental RFC to perform work where interpersonal contact was incidental to the work performed, complexity of tasks was learned and performed by rote, with few variables, little judgment, and supervision that was simple, direct and concrete. (Tr. 439). Also, on May 7, 2003, Dr. Brad Williams, prepared a Mental RFC Assessment and reached the same conclusion as did Dr. Gale. (Tr. 530-532).

On March 13, 2003, Plaintiff was seen by Dr. Ron Bruton complaining of hallucinations. (Tr. 476). Dr. Bruton indicated Plaintiff's hallucinations were related to alcoholism. (Tr. 476). On April 10, 2003, Plaintiff was seen by Dr. George Lawrence, who indicated Plaintiff's seizures have only been related to the times he has been using alcohol. (Tr. 460). Dr. Lawrence indicated he was not convinced Plaintiff had an underlying seizure disorder, and in order to rule that prospect out, he scheduled an EEG. (Tr. 460). On April 22, 2003, Plaintiff underwent an EEG which showed Plaintiff's awake and sleeping brain activity was normal. (Tr. 470).

On April 10, 2004, Dr. R. Stephen Austin, performed a psychiatric evaluation of Plaintiff. (Tr. 590-591). Dr. Austin stated Plaintiff as well oriented with a pleasant attitude, cooperative and relaxed. (Tr. 591). Dr. Austin indicated Plaintiff's thoughts were spontaneous and well organized, his psychomotor activity normal, and he had a slightly sad affect and mood. (Tr. 591). Dr. Austin estimated Plaintiff's intelligence was average. (Tr. 591).

On August 15, 2005, Plaintiff was seen by Dr. Hassan Albataineh for a consultative examination. (Tr. 550-556). Dr. Albataineh indicated Plaintiff had no physical limitations that would prevent sustained work activity. (Tr. 556).

The ALJ determined Plaintiff's substance abuse was a contributing factor material to his disability. (Tr. 14-21). Therefore, The ALJ found Plaintiff was not entitled to disability benefits. (Tr. 22). Under Public Law 104-121, the Contract with America Advancement Act of 1996, Title

42 U.S.C.§ 1382c(a)(3)(J) was amended to include provisions for disability benefits when drug addiction or alcoholism is a contributing factor material to the determination of an individual's disability. Pursuant to this provision, if after eliminating consideration of the symptoms related to alcohol or drug use, the Plaintiff does not meet the statutory definition of being disabled, the alcohol or drug use is considered material and benefits may not be paid.

The burden of proving that drug addiction or alcohol abuse is not a contributing factor material to a disability determination is on the Plaintiff. *See Estes v. Barnhart*, 275 F.3d 722, 725 (8th Cir. 2002). In this case Plaintiff has not met this burden. Substantial evidence supports the ALJ's finding of Plaintiff's drug and alcohol use being a factor material to his disability and substantial evidence supports the ALJ's finding that if not for Plaintiff's drug and alcohol abuse he would not be disabled within the meaning of the Act.

### B. Opinions of Dr. Vann Smith

Plaintiff argues the ALJ erred in failing to give the report of Dr. Vann Smith the weight it is entitled. ECF No. 8, Pg. 16-17. On September 30, 2005, Plaintiff was seen by Dr. Vann Smith for a neuropsychological evaluation and Mental RFC assessment. (Tr. 558-566). Dr. Smith found Plaintiff disabled based on neurocognitive and emotive symptoms which markedly interfered with Plaintiff's ability to carry out routine activities of daily living. (Tr. 561). Dr. Smith also found Plaintiff's use of drugs or alcohol did not contribute to Plaintiff's disability. (Tr. 566).

Dr. Smith's opinion that Plaintiff is "disabled" is not binding on the Commissioner as the disability determination is reserved to the Commissioner. *See Flynn v. Chater*, 107 F.3d 617, 622 (8th Cir. 1997), and 20 C.F.R. §§ 404.1527(e)(1) and 416.927(e)(1). Further, Social Security Regulations and case law state a treating physician's opinion will be granted "controlling weight," provided it is "well-supported by medically acceptable clinical and laboratory diagnostic techniques

and is not inconsistent with the other substantial evidence in [the] record." *See* SSR 96-2p; *Prosch v. Apfel*, 201 F.3d 1010, 1012-13 (8th Cir. 2000)(citing 20 C.F.R. § 404.1527(d)(2)). An ALJ is required to give good reasons for the particular weight given to a treating physician's evaluation. *See Prosch*, 201 F.3d at1013 (citing 20 C.F.R § 404.1527(d)(2), and SSR 96-2p). An ALJ may disregard the opinion of a treating physician only where other medical assessments "are supported by better or more thorough medical evidence," or where a treating physician renders inconsistent opinions that undermine the credibility of such opinions. *Id*. at 1013 (quoting *Rogers v. Chater*, 118 F.3d 600, 602 (8th Cir. 1997), and *Cruze v. Chater*, 85 F.3d 1320, 1324-25 (8th Cir. 1996)).

In this matter, the ALJ did not give significant weight to the opinions of Dr. Smith and she set forth several reasons in his analysis for doing so. (Tr. 20). The ALJ noted, Dr. Smith's report was internally inconsistent, and conflicted with other objective medical evidence and non-medical evidence of record. (Tr. 20). Also, the ALJ gave Dr. Smith's opinions little weight due to his short physician/patient relationship with the Plaintiff. (Tr. 20). The ALJ properly found Dr. Smith's findings and examination were inconsistent with other evidence. The ALJ discussed Dr. Smith's report and gave good reasons for rejecting it. (Tr. 20). As a result, the ALJ did not err in his treatment of Dr. Smith's opinions.

### 4. Conclusion:

Based on the foregoing, the undersigned finds that the decision of the ALJ, denying benefits to Plaintiff, is supported by substantial evidence and should be affirmed. A judgment incorporating these findings will be entered pursuant to Federal Rules of Civil Procedure 52 and 58.

**ENTERED** this **22nd day of March, 2011.**

/s/   Barry A. Bryant
HON. BARRY A. BRYANT
U.S. MAGISTRATE JUDGE